UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAURICE B.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:20-cv-05543-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ erroneously rejected certain medical opinions and his testimony, and failed to address his mother's testimony. Dkt. 16 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 28 years old, has a 10th-grade education, and previously worked as a part-time dishwasher. Tr. 56, 67, 347, 392. In July 2014, he applied for benefits, alleging disability as of April 14, 2014. Tr. 323-32. His applications were denied initially and on reconsideration. Tr. 156-62, 165-74. The ALJ conducted a hearing in April 2019 (Tr. 43-101), and subsequently found Plaintiff not disabled. Tr. 17-35. The Appeals Council denied

Plaintiff's request for review making the ALJ's decision the Commissioner's final decision.  Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:**  Plaintiff had the following severe impairments: schizoaffective disorder, post-traumatic stress disorder, generalized anxiety disorder, social anxiety disorder, and major depressive disorder.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff can perform a full range of work at all exertional levels, with the following nonexertional limitations: he can understand, remember, and apply short and simple instructions.  He can perform routine, predictable tasks that are not in a fast-paced, production-type environment.  He can make simple decisions.  He can tolerate exposure to few workplace changes. He cannot interact with the public. He can have occasional interaction with co-workers.

**Step four:**  Plaintiff has no past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 17-35.

## DISCUSSION

**A.     Medical opinions**

An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

   *1.     Treating Provider Opinion*

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 2

The ALJ rejected the psychological opinion co-signed by treating provider Russell Hicks, M.D., and Brandon Muller, M.Ed., LHMCA, MHP in 2019.  *See* Tr. 1024-26.  The ALJ rejected their opinion finding their treatment notes showed "the claimant improved after beginning treatment with them in August 2018, and that by January 2019 he reported that his auditory hallucinations were not as bad, his depression was better and he had been laughing more." Tr. 33. Substantial evidence does not support the finding. Medications improved Plaintiff's symptoms but the record does not show Plaintiff's symptoms improved to a degree that would be inconsistent with Dr. Hicks' and Mr. Muller's opinion. Even with medications, Plaintiff was still hearing voices, and was still suffering from depression. The ALJ accordingly erred in rejecting the opinion as inconsistent with the treatment records.

### 2. *Examining Medical Opinions*

Plaintiff was examined by Curtis Greenfield, Psy.D., in May 2014 and Bryan Zolnikov, Ph.D., in August 2016 and May 2018.[3]   Tr. 516-23, 868-76, 878-86.  The ALJ rejected their opinions for two reasons. First the opinions were inconsistent with Plaintiff's improvement with treatment. As discussed above this rationale is not supported by substantial evidence and the ALJ accordingly erred.

Second, the ALJ found the opinions were inconsistent with Plaintiff's activities, such as working at a fast-food restaurant, doing odd jobs, performing personal care, preparing meals, paying bills, doing laundry, playing video games, babysitting his niece, and taking care of his mother's dogs.  Tr. 32.  That Plaintiff engaged in minimal daily activities such as grooming, watching the dog or his niece are not grounds to reject the doctors' opinions. *Cf. Orn v. Astrue*,

---

[3] The record also contains opinions rendered by Drs. Colby and Burdge,Tr. 864-67, 890-92, which must also be reassessed on remand along with the reassessment of the opinions of Drs. Greenfield and Zolnikov.

495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from h[is] credibility as to h[is] overall disability.") (citation omitted). That a claimant worked in fast-food might in some circumstances contradict a medical opinion, but not under the circumstances here. The work relied upon does not contradict the medical opinions in that they involved a series of odd jobs which Plaintiff could not hold. The ALJ accordingly erred in rejecting the opinions as inconsistent with Plaintiff's activities.

**B.     Plaintiff's Testimony**

The ALJ found Plaintiff's impairments could reasonably cause his symptoms, Tr. 30, and was therefore required to provided clear and convincing reasons to reject Plaintiff's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The ALJ rejected Plaintiff's testimony as (1) inconsistent with his improvement following treatment with Dr. Hicks's treatment, and normal or mild objective findings in the record, and (2) Plaintiff's activities.  Tr. 22-31. The Court has already rejected the rationale that Plaintiff's claimed level of impairment is inconsistent with improvement with medications and his activities, and thus finds the ALJ similarly erred in relying upon these grounds to discount Plaintiff's testimony.

**C.     Plaintiff's Mother's Testimony**

Although Plaintiff's mother, Dana E. testified at the hearing the ALJ held and submitted a third-party function report, Tr. 85-97, 380-87, the ALJ failed to discuss her statements. The ALJ is required to consider all relevant evidence.  Lay testimony is relevant evidence and the ALJ thus erred. *See* 20 C.F.R. § 416.945(a). The Commissioner argues the error is harmless but the argument assumes the grounds upon which the ALJ relied in rejecting Plaintiff's testimony are valid and also apply to his mother's testimony. As the ALJ erred in rejecting Plaintiff's testimony, the ALJ's error in failing to discuss his mother's testimony is harmful.

**CONCLUSION**

For the foregoing reasons, the Court finds the ALJ harmfully erred and the case must be remanded. Although Plaintiff argues the Court should remand for an award of benefits, the Court finds the evidence in this case must be reassessed. This is a task reserved to the Commissioner and one the Court declines to undertake on appeal. The Court thus concludes further proceedings would be beneficial and that remand for further proceedings is appropriate.

Accordingly, the Commissioner's final decision is **REVERSED** and the case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the medical opinions of Drs. Colby, Burdge, Greenfield, Zolnikov, and Hicks; the opinion of Mr. Mulle; the testimony of Plaintiff and his mother, develop the record further and redetermine Plaintiff's RFC as needed, and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 15th day of March, 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge